UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anthony Stout, et al.,                                Case No. 3:14-cv-02169

        Plaintiffs

   v.                                        MEMORANDUM OPINION
                                                AND ORDER

FedEx Ground Package System, Inc.,

        Defendant

### I.    INTRODUCTION

Defendant FedEx Ground Package System, Inc., moves to dismiss nine of the twenty causes of action stated in the First Amended Complaint of Plaintiffs Anthony Stout, Rosa Stout, and Stout Allied Trucking, Inc. (Doc. No. 24). The Plaintiffs have filed a memorandum in opposition. (Doc. No. 25). FedEx has filed a reply memorandum. (Doc. No. 27). For the reasons stated below, FedEx's motion is granted.

### II.    STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In ruling on a motion to dismiss, a court may consider public records as well as documents attached to the motion to dismiss if those documents "are referred to in the plaintiff's complaint and

are central to the plaintiff's claim." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), abrogated on other grounds by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

### III. BACKGROUND

This case arises out of a contractual agreement between the Plaintiffs and FedEx. Anthony and Rosa Stout are principals of Stout Allied Trucking, which entered into an agreement to deliver freight for FedEx on October 30, 2006. The Plaintiffs assert various causes of action arising out of the parties' relationship, which ended on October 28, 2011, when FedEx terminated the parties' agreement. (Doc. No. 23 at 5). FedEx moves to dismiss counts 1, 7, 8, 9, 11, 13, 14, 15, and 16 of the First Amended Complaint.

### IV. ANALYSIS

#### A. STATUTE OF LIMITATIONS

FedEx argues the applicable statute of limitations bars the Plaintiffs' claims for invasion of privacy, fraud, and violations of the Fair Labor Standards Act ("FLSA"). (Doc. No. 24-1 at 2).

#### 1. INVASION OF PRIVACY

FedEx argues the Plaintiffs' invasion of privacy claim should be dismissed because the claim in fact is one for defamation or false-light invasion of privacy, and therefore is governed by a one or two year[1] statute of limitations. (Doc. No. 24-1 at 11-12). The Plaintiffs concede their claim is for "false light invasion of privacy" but contend it is subject to the four-year limitations period set forth in Ohio Revised Code § 2305.09. (Doc. No. 25 at 9). I conclude the Plaintiffs' false-light invasion of privacy claim is barred by the statute of limitations.

Ohio recognized the false-light invasion of privacy tort in 2007. *Welling v. Weinfeld*, 866 N.E.2d 1051 (Ohio 2007). A defendant is liable for false-light invasion of privacy if the defendant

> gives publicity to a matter concerning another that places the other before the public in a false light . . . if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in

---

[1] While *McIntyre v. Ohio Bur. of Workers' Comp.*, 2013-Ohio-2338 (Ohio Ct. App. 2013), suggests a two-year limitations period applies to false-light claims, the court cited no authority for that assertion, and I have not found another Ohio case to support the point.

2

> reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

*Id.* at 1054.  In comparison, defamation is a false publication "causing injury to a person's reputation, or exposing him to public hatred, contempt, ridicule, shame, or disgrace, or affecting him adversely in his trade or business." *Matalka v. Lagemann*, 486 N.E.2d 1220, 1222 (Ohio 1985).  The *Welling* court noted there is substantial overlap between false light and defamation torts but concluded "[w]ithout false light, the right to privacy is not whole, as it is not fully protected by defamation laws." *Welling*, 866 N.E.2d at 1057.

Section 2305.09(D) is a catch-all statute of limitations provision that does not explicitly reference invasion-of-privacy or false-light torts.  The Supreme Court of Ohio has not decided whether a specific limitations period governs false-light claims.  Further, it is not clear that a single limitations period should govern all false-light claims, as multiple causes of action may rise from the same set of facts.  *Id.* at 1058.  In order to determine the appropriate limitations period, "courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded.  The grounds for bringing the action are the determinative factors, the form is immaterial." *Doe v. First United Methodist Church*, 629 N.E.402, 407 (Ohio 1994) (quoting *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984)).  The Plaintiffs allege "when Defendant terminated Plaintiffs' contracts, Plaintiffs were escorted off the FedEx property by FedEx security, in full view of other drivers, contractors[,] and FedEx employees.  There was no legitimate reason for Plaintiff[s] [to have] been escorted off the property by security." (Doc. No. 23 at 11-12).  They allege this occurred "in such a manner as to cause outrage or mental suffering, shame, [or] humiliation to a person of ordinary sensibilities." (Doc. No. 23 at 12).

After the parties completed their briefing on FedEx's motion, one of my colleagues in the Southern District of Ohio concluded that the limitations period for defamation claims should be applied to false-light claims when "the allegations of the complaint are for both defamation and

3

false-light invasion of privacy." *Murray v. Moyers*, 2015 WL 5626509, at *4 (S.D. Ohio Sept. 24, 2015). The court reasoned:

> The *Welling* court recognized certain allegations which could only be brought in a false-light invasion of privacy claim – that a party had been wrongfully portrayed as poverty-stricken, or suffering from a terminal illness. Such facts would not support a defamation claim, but would state a claim for false-light invasion of privacy. In the Court's view, this distinction decides the statute of limitations question. Here, the allegations of the complaint are for both defamation and false-light invasion of privacy. The three statements allegedly made by the defendants are claimed to be false and caused damage to the reputation of the plaintiffs. If this is so, a claim for defamation would also arise from the allegations. In a case involving allegations that would support *both* a defamation and false-light invasion of privacy, this Court holds that Ohio law applies a one-year statute of limitations pursuant to O.R.C. § 2305.11(a). Every defamation claim can be cast as a false-light invasion of privacy. To hold otherwise would essentially eliminate the one-year statute of limitations for defamation claims under O.R.C. § 2305.11(a).

*Murray*, 2015 WL 5626509 at *4 (emphasis in original).

In support of their argument that a four-year limitations period applies, the Plaintiffs point to *Burel v. Burel*, 2010 Ohio 6216 (Ohio Ct. App. 2010), and *Murawski v. Roberts*, 2007 Ohio 3555 (Ohio Ct. App. 2007). (Doc. No. 25 at 9). Those cases, however, dealt with claims for the separate tort of intrusion upon seclusion, rather than false light. *See Welling*, 866 N.E.2d at 1054 (citing *Sustin v. Fee*, 431 N.E.2d 992 (Ohio 1982) and *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 453 N.E.2d 666 (Ohio 1983)). I conclude that because the Plaintiffs' allegations sound both in false light and defamation, the one-year limitations period applies. The Plaintiffs' invasion of privacy claim is barred by the statute of limitations and is dismissed.

   2. **FRAUD**

The Plaintiffs allege four fraud-related causes of action: fraudulent concealment (count 7), fraudulent misrepresentation (count 8), fraudulent inducement (count 9), and fraud (count 13). They allege these claims stem from a conversation with Todd Rehberg on October 30, 2006. (Doc. No. 23 at 15, 16, 18, and 21). Fraud claims are subject to a four-year statute of limitations. Ohio Rev. Code § 2305.09(C). The limitations period is subject to the discovery rule, under which the statute of limitations may be tolled "until the plaintiff discovers or, in the exercise of reasonable

4

care, should have discovered the complained-of injury." *Investors REIT One v. Jacobs*, 546 N.E.2d 206, 210-11 (Ohio 1989). A plaintiff who asserts a fraud claim after the limitations period has expired carries the burden "to plead circumstances which would indicate why the alleged fraud was not discovered earlier and which would indicate why the statute should be tolled." *Auslender v. Energy Mgmt. Corp.*, 832 F.2d 354, 356 (6th Cir. 1987); *see also Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992) ("[W]hen the face of the complaint affirmatively indicates that the time limit for bringing the claim has passed, [the] plaintiff may [not] escape the statute by saying nothing.").

The statute of limitations for the Plaintiffs' fraud claims expired on October 30, 2010, but the Plaintiffs did not file their complaint under September 30, 2014. (*See* Doc. No. 1). They do not allege the date on which they discovered FedEx's fraud, what prevented them from discovering the fraud before the limitations period expired, or what reasonable efforts they made to uncover the fraud. *See id.* at 744-45; *see also Nw. Nat'l Ins. Co. of Milwaukee, Wis. v. Joslyn*, 53 F.3d 331, at *3 (6th Cir. 1995) (unpublished table decision) (holding "the date on which an alleged fraud occurred is a 'circumstance' of the fraud that should be pled with particularity, especially when the face of the complaint reveals that the complaint is discovered after the applicable statute of limitations has run and the viability of the claim is totally dependent on a late discovery rule"). The Plaintiffs fail to show the limitations period should be tolled and I dismiss their fraud claims as barred by the statute of limitations.[2]

### 3. FAIR LABOR STANDARDS ACT

FedEx asserts Counts 14 and 15 of the First Amended Complaint, which allege violations of the FLSA, are barred by the FLSA's two-year statute of limitations. (Doc. No. 24-1 at 12-14). FedEx also argues that, even if I apply the FLSA's three-year limitations period for willful violations, only those alleged violations occurring between September 30, 2011, and October 28, 2011, are

---

[2] FedEx also argues the fraud claims in the First Amended Complaint fail to meet the Rule 9 particularity standard. (Doc. No. 24-1 at 17-27). I conclude it is unnecessary to rule in the alternative on these arguments, as the fraud claims facially are barred by the statute of limitations.

timely. (Doc. No. 24-1 at 14). The Plaintiffs argue the three-year period applies because FedEx willfully violated the FLSA, but do not respond to FedEx's argument regarding violations occurring before September 30, 2011. (Doc. No. 25 at 11-13). I conclude the Plaintiffs fail to adequately allege a willful violation and dismiss their FLSA claims as barred by the two-year statute of limitations.

The Plaintiffs allege "they were working as [employees] of FedEx" and that FedEx "retaliated against them on the basis of their filing an internal complaint" and "failed to pay overtime wages" to which the Plaintiffs were entitled. (Doc. No. 23 at 21-23). The Plaintiffs also allege FedEx "misrepresented to Plaintiffs that [they] were independent contractors, while treating Plaintiffs as employees." (Doc. No. 23 at 17). The Plaintiffs assert FedEx's "actions were willful – Defendant was aware of the requirements to properly classify and pay their employees, and willingly chose not to do so." (Doc. No. 23 at 22); (*see also* Doc. No. 23 at 23).

An FLSA claim must be filed within two years after the cause of action accrues, though "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). A violation may be found to be willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *see also Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985). An employer may not avoid the FLSA's requirements by misclassifying an employee as an independent contractor. *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806-07 (6th Cir. 2015). A court evaluates the question of whether a worker is an employee under the FLSA by considering a number of factors, including the economic-reality test, whether the defendant has the authority to hire or fire the plaintiff, and whether the defendant maintains the plaintiff's employment records. *Id.* at 807.

Even if I assume the Plaintiffs plausibly allege FedEx improperly classified them as independent contractors instead of employees – despite their failure to discuss any of the factors the

6

*Keller* court identifies – the Plaintiffs' allegations of willfulness are no more than legal conclusions. The Plaintiffs allege only that (1) they were employees, (2) FedEx knew the FLSA requires it to determine whether the Plaintiffs were employees or independent contractors, (3) FedEx classified the Plaintiffs as independent contractors, and (4) FedEx did so willfully. The First Amended Complaint does not contain any factual allegations about FedEx's mental state which could support a plausible inference of willfulness. *See Katoula v. Detroit Entm't, LLC*, 557 F. App'x 496, 497-98 (6th Cir. 2014) (affirming district court's dismissal of plaintiff's claim of willful interference with Family and Medical Leave Act rights due to plaintiff's failure to "plead facts about the defendant's mental state, which, accepted as true, make the state-of-mind allegation 'plausible on its face.'") (quoting *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012)); *see also Doucette v. DIRECTV, Inc.*, 2015 WL 2373271, at *5 (W.D. Tenn. May 18, 2015) (applying *Katoula* and concluding "detailed allegations about the Defendants' implemented policies[, which were] allegedly intended to evade the FLSA[,] '[do] more than make the conclusory assertion that a defendant acted willfully.'") (quoting *Katoula*, 557 F. App'x at 498) (alterations added).

Finally, the Plaintiffs' allegation that FedEx "was aware of its requirements under the FLSA" because FedEx previously has been sued for misclassifying workers is unavailing because it seeks to apply a negligence standard plainly rejected by the Supreme Court in *McLaughlin*. *See McLaughlin*, 486 U.S. at 133. The First Amended Complaint does not contain any factual allegations that FedEx "knew or showed reckless disregard for" the question of whether it was in compliance with the FLSA. I conclude the three-year limitations period for willful violations does not apply and the Plaintiffs' FLSA claims are barred by the two-year statute of limitations.

**B. ARBITRATION CLAUSE**

The Plaintiffs allege FedEx terminated their employment and the operating agreement, in violation of Ohio public policy, because the Plaintiffs "repeatedly reported safety concerns . . . [and] workers compensation issues . . . ." (Doc. No. 23 at 23). The operating agreement provides for

7

mandatory arbitration if FedEx terminates the agreement and the Plaintiffs disagree with the termination or assert FedEx's actions are not authorized by the agreement's terms. (Doc. No. 1-1 at 28). FedEx asserts the Plaintiffs' wrongful discharge claim must be dismissed because that claim is subject to a mandatory arbitration provision in the parties' operating agreement. The Plaintiffs argue I should not enforce the arbitration provision because that provision is procedurally and substantively unconscionable. I disagree, and dismiss the Plaintiffs' wrongful discharge claim.

When parties agree to settle a dispute through arbitration, Pennsylvania courts[3] "will make every reasonable effort to favor such agreements." *DiLucente Corp. v. Penn. Roofing Co., Inc.*, 655 A.2d 1035, 1038 (Pa. 1995). Arbitration provisions "may be challenged on grounds of unconscionability." *Salley v. Option One Mortg. Corp.*, 925 A.2d 115, 120 (Pa. 2007). A contract provision is unconscionable "where there was a lack of meaningful choice in the acceptance of the challenged provision and the provision unreasonably favors the party asserting it." *Id.* at 119.

The Plaintiffs allege the operating agreement was presented to them on a take-it-or-leave-it basis, and they had no meaningful opportunity to review it and negotiate changes. (Doc. No. 23 at 3). The Plaintiffs' conclusory assertions do not establish that the arbitration provision is unconscionable. The Plaintiffs do not allege (1) FedEx prohibited them from seeking the advice of an attorney before signing the agreement or from negotiating its terms, (2) FedEx required the Plaintiffs to sign the agreement immediately after presenting it to them, or (3) they could not have taken their fleet of delivery trucks and their qualified drivers and reached an agreement with another package-delivery company. (*See* Doc. No. 23 at 4-5). "[W]here, as here, a contract provision affects commercial entities with meaningful choices at their disposal, the clause in question will rarely be deemed unconscionable." *Vasilis v. Bell of Pa.*, 598 A.2d 52, 54 (Pa. Super. Ct. 1991); *see also Worman v. FedEx Ground Package Sys. Inc.*, 76 Pa. D. & C. 4th 292, 314 (Pa. Com. Pl. 2005) (concluding a

---

[3] The operating agreement is governed by Pennsylvania law. (Doc. No. 1-1 at 32).

8

similar arbitration provision was not procedurally unconscionable); *Kargbo v. FedEx Ground Package Sys. Inc.*, 2010 WL 3896121, at *2 (D. Nev. Sept. 29, 2010) (same).

While another federal district court has held a FedEx agreement with a substantially similar provision was procedurally unconscionable, that case is distinguishable. *See Openshaw v. FedEx Ground Package Sys., Inc.*, 731 F. Supp. 2d 987 (C.D. Cal. 2010). The *Openshaw* court concluded the arbitration agreement was procedurally unconscionable not merely because Openshaw had no option to negotiate the terms of the provision, but because Openshaw essentially had no option to reject the operating agreement. The court stated "Mr. Openshaw was presented with the [operating agreement] on a take-it-or-leave-it basis <u>after he had already invested hundreds of thousands of dollars in the business and was financially and emotionally committed to the position</u>." *Id.* at 994 n.5 (emphasis added). The Plaintiffs' allegations do not substantiate the inference that they were faced with a similar choice. Though the Plaintiffs allege they were forced to accept the arbitration provision if they wanted to work with FedEx, the Plaintiffs do not allege – unlike Upshaw, who did – that they could not have entered into an agreement with another package-delivery company. I will not consider the Plaintiffs' substantive-unconscionability arguments because a party who asserts a contract provision is unconscionable must show both the procedural and substantive prongs are met. *Ferguson v. Lakeland Mut. Ins. Co.*, 596 A.2d 883, 885 (Pa. Super. Ct. 1991). The Plaintiffs' wrongful-discharge claim is dismissed.

### C. FIDUCIARY DUTY

FedEx asserts the Plaintiffs failed to allege facts sufficient to state a plausible claim for breach of a fiduciary duty. FedEx argues the Plaintiffs fail to allege facts showing FedEx agreed to act as the Plaintiffs' fiduciary or that FedEx actually had a fiduciary duty to the Plaintiffs. (Doc. No. 24-1 at 27-29). I agree, and dismiss this claim.

Under Ohio law, a plaintiff establishes a breach-of-fiduciary-duty claim by showing "(1) the existence of a duty arising from a fiduciary relationship; (2) a failure to observe the duty; and (3) an

9

injury resulting proximately therefrom." *Bank One Trust Co., N.A. v. Scherer*, 2012-Ohio-5302, 2012 WL 5555825, at *6 (Ohio Ct. App. Nov. 15, 2012). Ordinary business relationships do not give rise to a fiduciary duty. *Horak v. Nationwide Ins. Co.*, 2007-Ohio-3744, 2007 WL 2119861, at *3 (Ohio Ct. App. July 25, 2007). Further, "[a] fiduciary relationship may be created out of an informal relationship, but this is done only when both parties understand that a special trust or confidence has been reposed." *Ed Schory & Sons, Inc. v. Soc'y Nat'l Bank*, 662 N.E.2d 1074, 1081 (Ohio 1996) (quoting *Umbaugh Pole Bldg. Co. v. Scott*, 390 N.E.2d 320 (Ohio 1979), paragraph one of the syllabus).

The Plaintiffs allege they "entered into contracts with Defendant, and in doing so, detailed very private information to be held in confidence and trust with Defendant," obtained insurance policies for Plaintiffs without their prior knowledge, "pushed" the Plaintiffs to use FedEx's payroll services, and required the Plaintiffs to put FedEx's Ohio Public Utilities Commission numbers on the Plaintiffs' trucks. (Doc. No. 23 at 19). None of these allegations support the inference that the parties were in a fiduciary relationship. Nor would the Plaintiffs be on any firmer ground if I assumed they were employees of FedEx rather than independent contractors. *See Smith v. Sushka*, 659 N.E.2d 875, 879 (Ohio Ct. App. 1995) (the term "fiduciary" implies "something more than the ordinary relationship of employer and employee"). As FedEx notes, the Plaintiffs do not allege FedEx had any understanding it was operating as the Plaintiffs' fiduciary, and a fiduciary relationship exists only "where the parties have a mutual recognition of the relationship." *Vincecourt Landscaping v. Kleve*, 2013-Ohio-5825, 2013 WL 6875468, at *6 (Ohio Ct. App. Dec. 31, 2013) (citations omitted).

## V. CONCLUSION

For the reasons stated above, FedEx's motion to dismiss counts 1, 7, 8, 9, 11, 13, 14, 15, and 16 of the First Amended Complaint, (Doc. No. 24), is granted.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge